28 N.J. Super. 340 (1953)
100 A.2d 682
HILLSIDE NATIONAL BANK, A NATIONAL BANKING CORPORATION, PLAINTIFF-APPELLANT,
v.
JOHN McGRUDER, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 26, 1953.
Decided November 17, 1953.
*341 Before Judges EASTWOOD, JAYNE and FRANCIS.
Mr. Arthur E. Dienst argued the cause for the appellant.
No appearance for respondent.
The opinion of the court was delivered by FRANCIS, J.A.D.
The issue to be determined here is whether the district court was justified in denying appellant's motion for the entry of a default judgment.
On September 25, 1952 the bank instituted action in the district court to recover the balance due on respondent's note. Complaint was filed and summons issued on that day. The docket number assigned to the matter was 135650. On September 30 the sergeant-at-arms reported in writing to counsel that McGruder could not be found at the address furnished for purposes of service of process.
Thereafter, an unsuccessful search was made to discover his whereabouts and on January 13, 1953, upon the submission of the necessary affidavits showing that he was an absconding debtor and not available for service of summons, the court issued an order for a writ of attachment. The following day the writ was issued by the clerk.
It is conceded that these new papers did not bear a notation of the docket number of the pending in personam action; also that that action was not referred to in any correspondence at the time. The clerk then made up a new jacket for the attachment action and assigned it docket number 143573.
*342 On January 20 the constable attached certain personal property and made his return to the court. Thereupon the clerk sent to counsel for the bank a notice saying that summons had been served on January 20, 1953, and that "if the defendant does not enter an appearance or file a written answer within 20 days from the date of service, a default will be entered." This notice was technically incorrect and counsel says some confusion resulted in his thinking as to whether the summons had been served personally in the in personam action. While the clerk's notice was incorrect technically, it did bear the docket number of the attachment action, as all documents are required to do in district court actions (R.R. 7:5-2). Counsel did not observe the number.
In any event on February 5, the complaint was filed in the attachment action; it contained the same claim for relief as the in personam suit. However, it was six days late. R.R. 4:77-2 (formerly Rule 3:72-2), which is applicable to district court practice (R.R. 7:12-7), requires the filing of the complaint in attachment actions "not later than 10 days after the * * * return is filed." On the same day, the court signed an order for publication of a notice of the attachment, and the clerk filed these papers without objection or note as to their tardiness.
On March 23, notice of attachment, affidavit of mailing of notice to respondent and affidavit of publication were filed. The clerk's docket shows that a "default" was entered on April 4 following the submission of affidavits of proof and non-military service (R.R. 7:9-1). Although the record does not show that this default was vacated, on or about April 6 the clerk notified counsel that as the complaint had been filed out of time, judgment would not be entered and that such motion should be made to the court as was deemed desirable.
A motion was then presented for an order directing the entry of the default judgment. The court denied the application solely because of the violation of Rule 3:72 (now R.R. 4:77-2). This appeal followed.
*343 The contention advanced is that the trial judge used his discretion mistakenly in refusing to enter the default judgment.
When the application was made, undoubtedly the court had authority to direct the entry of the judgment despite the belated complaint. It could have been done by relaxing the rule (R.R. 7:1-2) or, if excusable neglect appeared, by enlargement of the time beyond the ten-day period (R.R. 7:1-3, 5:2-1, 4:6-1, 1:1-9b).
The rules governing practice in the district courts, like those relating to the County and Superior Court, call for liberal administration and where "strict adherence * * * will work injustice" an express authorization exists for relaxation (R.R. 7:1-2) or time enlargement (R.R. 1:1-9b).
Moreover, in considering whether relief should be granted here, the nature of the Attachment Act ought to be an influential factor. In that connection, the Legislature ordained that:
"This chapter shall be liberally construed, as a remedial law for the protection of resident and non-resident creditors and claimants." N.J.S. 2A:26-1.
This provision was carried into the 1952 revision from the earlier act, where it appeared in substantially the same form. R.S. 2:42-2. In construing the former language, it was declared that the Legislature did not intend thereby to confer a right of attachment where there was in fact no ground therefor, but that liberality in matters of pleading and procedure was signified. Mueller v. Seaboard Commercial Corp., 5 N.J. 28, 39 (1950); Connelly v. Lerche, 56 N.J.L. 95, 103 (Sup. Ct. 1893).
The practice in attachment cases is no longer set out in the act. It is now regulated by the rules (R.R. 4:77-1 to 6), and, as already indicated, liberality in their application in order to accomplish justice on the merits of the action is the order of the day.
In the present case the right to the writ is plain from the affidavits. The filing of the complaint was a few days *344 out of time, due in some measure to inadvertences on the part of the clerk's office and on the part of counsel. Without undertaking to appraise the degrees of responsibility for the result produced thereby, in our judgment the spirit of the rules requires the conclusion that the filing time should have been enlarged because of excusable neglect, and judgment by default entered.
A somewhat comparable situation is disclosed by Columbia Lumber & Millwork Co., Inc. v. DeStefano, 12 N.J. 117 (1953). There, in a materialman's lien action, the plaintiff failed to issue the summons within five days after the filing of the complaint, as required by N.J.S. 2A:44-99. Answering a contention that the lien should have been discharged for this reason, the Supreme Court said that the prescribed time limit was not of the essence of the lien but merely procedural in character. This being true, the pertinent court rule (R.R. 4:4-1), allowing ten days for the issuance of summons, applied by supersedure and it was error for the trial court to discharge the lien on the basis of the statutory requirement. It was pointed out further that under the rule dismissal is a discretionary matter, and as to the course such discretion should take, the court said:
"* * * We are satisfied that it would be a mistaken exercise of discretion for the trial judge to dismiss the action and discharge the lien on the facts presented, and there is therefore no reason to return the case for the trial court's further consideration. It is not denied that the delay in the issuance of the summons was primarily the consequence of the delay in the Superior Court Clerk's office in the issuance of the certificate of the commencement of the action which the claimant was required by R.S. 2:60-140 (now superseded by N.J.S. 2A:44-101, which is comparable in that respect) to obtain and present to the county clerk, who in turn must indorse on the lien claim the notation that an action thereon has been commenced." (p. 125)
It is not our intention to determine or to create the inference in this case that the failure to file the complaint within time was primarily due to inadvertences in the district court clerk's office. The particular oversights there were simply incidents in the chain of circumstances which resulted *345 in the delay. Consideration of all of the circumstances detailed herein has led us to the determination that the default judgment should have been granted by the trial court.
Accordingly, the judgment is reversed and the matter remanded for the entry of the appropriate order.